DICKSON, Justice,
dissenting.
I respectfully dissent, believing that the trial court’s sentencing determination should be affirmed in this case.
The appellate authority to review and revise criminal sentences provided in Article 7, Section 4 of the Indiana Constitution is merely a permissive option. It is implemented by Indiana Appellate Rule 7(B), which also uses permissive language to state that an appellate court “may revise a sentence.” We have noted that this formulation of balancing the trial court’s sentencing decision with the possibility of appellate revision on appeal “places central focus on the role of the trial judge, while reserving for the appellate court the chance to review the matter in a climate more distant from local clamor.” Serino v. State, 798 N.E.2d 852, 856-57 (Ind.2003). In light of an appellate tribunal’s limited opportunity to fully perceive and appreciate the totality of the circumstances personally perceived by the trial judge at trial and sentencing, the “due consideration of the trial court’s decision” required by Rule 7(B) should restrain appellate revision of sentences to only extremely rare, exceptional cases. Further, when the sentencing decision of the trial court is within the statutory range and the record reflects careful and considerable deliberation by the trial court, we ought to exercise even more restraint in revising a defendant’s sentence.
Any greater frequency in appellate revision of criminal sentences may induce and foster reliance upon such review for ultimate sentencing evaluations and thus serve as a disincentive to the cautious and measured fashioning of sentences by trial judges. Restrained sentencing decisions are best made by a trial judge with the gravity that results from knowing that the judge’s decisions are essentially final.
I am not convinced that this case is sufficiently rare or exceptional to warrant appellate intrusion into the trial court’s sentencing decision. It is well settled that it is the defendant who must “persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review” under Rule 7(B). Anglemyer v. State, 868 N.E.2d 482, 494 (Ind.2007) (quoting Childress v. State, 848 N.E.2d 1073, 1080 (Ind.2006)). Also, the legislature has provided an advisory sentence that acts as the starting point for the trial court when selecting an appropriate sentence for the crime committed. See Anglemyer, 868 N.E.2d at 494. The particular circumstances of each individual case then guide the trial court’s decision to deviate above or below the advisory sentence, while not exceeding the statutory .maximum sentence for the offense. Appellate review under Rule 7(B) affords the reviewing court the opportunity to determine if the evidence in the record regarding the *557 nature of the offense and the character of the defendant render that sentence inappropriate.
The defendant argues that his character and the nature of the offense warrant revision of his sentence under Rule 7(B) because the trial court’s sentence was “near the extreme! ] of the statutory range,” which is often “plainly inappropriate” under Indiana law. Trans. Pet. at 6. Regarding the nature of the offense, he emphasizes that the amount of methamphetamine produced in the two days of production was minimal, that the time frame of the operation (two days) was short, that the minimal amount produced was for personal consumption ráther than dealing or manufacturing, and that the actual location of the operation was not subject to his control. As to his character, the defendant argues that mitigation consideration is warranted due to the coincidence of his prior criminal history and his substance abuse issues (implying that he was a victim of his addiction problem which should warrant sympathy and tolerance); his cooperation with law enforcement in this case; his apologetic demean- or toward the court, community, and his family; his genuine remorse; his family’s support for him as a man and an involved father; and his need to provide for dependent children.
Contrary to the defendant’s assertion, however, his sentence is not at the extreme end of the statutory range. The sentencing range for this crime is twenty to fifty years, with a statutory advisory sentence of thirty years. Ind.Code § 35-50-2-4 (2008). The trial court sentenced the defendant to forty years of which ten were suspended to probation and only thirty were to be actually served. Twenty-six years were to be executed at the Indiana Department of Correction and four years executed at the Tippecanoe County Community Corrections. Assuming successful completion of probation, the defendant’s time served under the sentence would be only thirty years. In today’s decision, the majority makes relatively little modification and reduces the time served from thirty to twenty-two years, declaring the latter to be “more appropriate.” I respectfully believe that an appellate court’s sentencing review and revision capacity and authority does not warrant such minor adjustments.
Also, amplifying the serious nature of the offense, the defendant callously engaged in the dangerous process of manufacturing methamphetamine in a residential area where families with several young children lived. The chemicals involved are both corrosive and prone to dangerous explosions, requiring careful attention by the producer of the product. The defendant engaged in the manufacturing process even though he had been up for several days in a row, and he knocked over the meth solution during production, causing an overwhelming chemical odor and effects to be noticeable a good distance from the residence. Because the production of the methamphetamine within 1,000 feet of a family housing complex warranted the defendant’s crime to be treated as a Class A felony, see Ind.Code § 35-48-4-l.l(b)(3)(B)(iii) (2008), the mere proximity to family housing, standing alone, may well be disregarded as an aggravating circumstance, but this does not preclude consideration of the careless manner of production despite the defendant’s personal awareness of the proximity to children.
Similarly, there is considerable evidence that reflects adversely on his character. The defendant committed the instant offense while on probation, and his criminal history includes a 2010 conviction for felony possession of chemical reagents or precursors. His past criminal history is rid- *558 died with such probation violations and revocations. The defendant claims that he was an involved and loving father, but he had been consistently in arrears in child support. The defendant’s initial denial to officers of the existence of a meth lab in the residence is incongruent with his claim of genuine remorse and active cooperation. And, the trial court found that the defendant was a high risk to re-offend.
Giving due consideration to the trial court’s responsibility and unique opportunity to perceive and assess relevant factors, its decision imposing a moderate sentence near the middle of the designated statutory range, particularly in light of the serious nature of the offense and the lack of demonstrated virtuous character of the defendant; this case is not an extremely rare, exceptional case warranting appellate sentence modification. I decline to join the Court’s opinion finding this sentence to be inappropriate.
MASSA, J., concurs.